IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 04-32J |
| ) | |
| BRIAN T. LOVETT, ) | |
| ) | |
| Defendant. ) | |

### AMENDED MEMORANDUM OPINION AND ORDER

GIBSON, J.

This case comes before the Court on Brian T. Lovett's (hereinafter "Defendant") objections (Document No. 19) to the sentencing factors prepared by the United States Probation Office. Upon consideration of the Position of the United States of America (hereinafter "USA" or "the government") with respect to the sentencing factors as to the above-named Defendant (Document No. 18), the Position of the Defendant with respect to the sentencing factors (Document No. 19), the Addendum to the sentencing factors prepared by the United States Probation Office, and the record in the case *sub judice*, the Court shall sustain the Defendant's objections in part, overrule the objections in part, and the Court shall defer ruling in part for the following reasons.

### BACKGROUND

The Defendant was originally charged on or about October 5, 2004, in the Western District of Pennsylvania at count one of criminal number 04-32 with False Statement to a Federally Licensed Firearms Dealer, in violation of Title 18, United States Code, Section 922(a)(6). Specifically, a federal grand jury sitting in the Western District of Pennsylvania, Johnstown Division, returned a one-count indictment at Criminal No. 04-00032J charging the Defendant with

a violation of 18 U.S.C. § 922(a)(6). The Defendant was charged at count one of the indictment as follows:

> On or about October 26, 2002, in the Western District of Pennsylvania, the defendant, BRIAN T. LOVETT, JR., in connection with his acquisition of four (4) firearms, namely, a Hi-Point pistol, Model CF, .380 caliber, having serial number P774673; a Hi-Point pistol, Model CF, .380 caliber, having serial number P775156; a Hi-Point pistol, Model CP, 9 mm. caliber, having serial number P222066; and a Hi-Point pistol, Model CP, 9 mm. caliber, having serial number P125366, from Discount Guns, 920 Pleasant Valley Boulevard, Altoona, Blair County, Pennsylvania, a federally licensed firearms dealer, knowingly made a false and fictitious written statement to Discount Guns which statement was likely to deceive Discount Guns as to a fact material to the lawfulness of such sale of the said firearms to defendant BRIAN T. LOVETT, JR. under chapter 44 of Title 18, United States Code, in that defendant BRIAN T. LOVETT, JR. represented on the United States Bureau of Alcohol, Tobacco and Firearms (ATF) Form 4473, that he was the actual buyer of the firearms listed on the form, whereas, in truth and in fact, as defendant BRIAN T. LOVETT, JR. then well knew, he was not the actual buyer and was purchasing the said firearms on behalf of another person.
>
> In violation of Title 18, United States Code, Sections 922(a)(6).

On October 27, 2004, during an arraignment before United States Magistrate Judge Keith A. Pesto, the Defendant entered a plea of not guilty.

On March 24, 2005, the Defendant appeared with counsel before United States District Judge Kim R. Gibson. At that time, the Defendant withdrew his plea of not guilty and entered an open plea of guilty as to count one of the indictment at Criminal No. 04-00032J. The Court accepted the Defendant's plea of guilty and ordered the United States Probation Office to prepare a presentence report. The Defendant's sentencing hearing was scheduled for June 27, 2005.

The United State Probation Office prepared a presentence report. The USA did not object to the sentencing factors outlined in the presentence report. (Document No. 18). However, the Defendant lodged several objections to the report. (Document No. 19).

In this Memorandum Opinion, the Court makes tentative findings about any disputed facts or sentencing factors that have not been resolved at the presentence conference with the United

States Probation Office.

**DISCUSSION**

**A.     Defendant's Position on Sentencing Factors**

The Court observes that the Defendant has raised objections with regard to the following three sentencing factors outlined in the presentence report: (1) Enhancement Pursuant to United States Sentencing Guidelines (hereinafter "USSG"), § 2K2.1(b)(5); (2) Maximum Term of Supervised Release; and (3) Probation Officer's statement regarding information to warrant a departure from the guidelines. The Court addresses each of the Defendant's objections *seriatim*.

**1.     Four Level Enhancement**

On May 26, 2005, during a Local Rule 32 Conference, the Defendant raised an oral objection to the application of a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). Upon consideration of the Defendant's objection, the United States Probation Office prepared an Addendum to the Presentence Report for Criminal No. 04-00036J. The Addendum set forth the position of the Probation Officer and the Assistant United States Attorney regarding the objection, and both the Probation Officer and Assistant United States Attorney determined that there is an insufficient factual basis to apply the four-level enhancement. Accordingly, since all parties agree that the four-level enhancement does not apply to the case *sub judice*, the Court sustains the Defendant's objection to the application of the enhancement provision; thus, the Defendant's Total Offense Level is 12, and the Defendant's guideline range for imprisonment is 12 to 18 months.

**2.     Maximum Term of Supervised Release**

The Defendant objects to the following paragraph in the presentence report generated on May 12, 2005:

> **Supervised Release**
> **Statutory Provisions**: If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2).

(¶ 45 of the Presentence Report). Accordingly, 18 U.S.C. § 3583(b)(2) provides:

> (b) **Authorized terms of supervised release**.--Except as otherwise provided, the authorized terms of supervised release are--
>
> (2) for a Class C or Class D felony, not more than three years;

18 U.S.C. § 3583(b)(2).

Conversely, the Defendant argues that the term of supervised release should be calculated pursuant to 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3). Specifically, the Defendant argues that because "'the maximum term of imprisonment authorized' is eighteen months, [the Defendant's] offense is a Class E felony, and the maximum term of supervised release authorized is 'not more than one year.'" (Document No. 19). The Court determines, however, that the Defendant improperly concludes that because the four-level enhancement under the sentencing guidelines do not apply to the case *sub judice*, then the supervised release set forth in the statute should not be applied.

The Defendant in the case *sub judice* violated 18 U.S.C. § 922(a)(6). Pursuant to 18 U.S.C. § 924(a)(2), "[w]hoever knowingly violates subsection (a)(6) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). Furthermore, pursuant to 18 U.S.C. § 3559(a)(3), "[a]n offense that is not specifically classified by letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is -- (3) less than twenty-five years but ten or more years, as a Class C felony". 18 U.S.C. § 3559(a)(3). Thus, as a Class C felony, the statutory term of supervised release after imprisonment "for a Class C or Class D felony, [is] not more than three years". 18 U.S.C. § 3583(b)(2).

Accordingly, the maximum term of supervised release that can be imposed upon the Defendant in the case *sub judice* is a term of three years, and the Court overrules the Defendant's objection to the application of 18 U.S.C. § 3583(b)(2) in ¶ 45 of the Presentence Report. *See* 18 U.S.C. § 922(a)(6); 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2).

3.  **Probation Officer's Statement at ¶ 52**

The Defendant objects to ¶ 52 of the Presentence Report which includes language that the Probation Officer has "no information concerning the offense or the offender which would warrant a departure from the advisory sentencing guidelines." Specifically, the Defendant argues that a "downward departure is appropriate in this case because [the Defendant's] Criminal History Category of II substantially over represents the seriousness of [the Defendant's] criminal history." (Document No. 19).

The Court notes that subsequent to making the objection to ¶ 52 of the Presentence Report, the Defendant filed a Memorandum in Mitigation of Sentence and Motion for Downward Departure. (Document No. 20). The Court determines that in order to permit the parties to address the Court regarding the related issues of the Defendant's Criminal History Category and the Motion for Downward Departure, it shall defer ruling on the Defendant's objection to the statement at ¶ 52 of the Presentence Report until the time of sentencing.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 04-32J |
| ) | |
| BRIAN T. LOVETT, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**AND NOW**, this 5th day of July, 2005, in accordance with this Court's Memorandum Opinion, and based upon a consideration of the Position of the United States of America with respect to the sentencing factors (Document No. 18), the Position by the Defendant with respect to the sentencing factors (Document No. 19), the Addendum to the sentencing factors prepared by the United States Probation Office, and the record in the case *sub judice*, **IT IS HEREBY ORDERED** that the Court shall grant the Defendant's objections in part, overrule the objections in part, and the Court shall defer ruling in part.

**IT IS FURTHER ORDERED** that the Court sustains the Defendant's objections to the application of the enhancement provision pursuant to USSG § 2K2.1(b)(5), and the Court overrules the Defendant's objections to the application of the supervised release provision pursuant to 18 U.S.C. § 3583(b)(2) found at ¶ 45 of the Presentence Report.

**IT IS FURTHER ORDERED** that the Court shall defer its ruling until the time of sentencing regarding the Defendant's objections to the statement in ¶ 52 of the pre-sentence report. It is noted that these findings are tentative and that the final findings shall be made at the sentencing hearing after the parties have had an opportunity to respond to these tentative findings.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE
The Honorable Kim R. Gibson

cc:   Counsel of record.